CHARLIE MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin v. Commissioner
Docket No. 16420-83.
United States Tax Court
T.C. Memo 1986-499; 1986 Tax Ct. Memo LEXIS 112; 52 T.C.M. (CCH) 728; T.C.M. (RIA) 86499; September 30, 1986. Joe Alfred Izen, Jr., for the petitioner. David W. Johnson, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: In the notice of deficiency, respondent determined deficiencies in and additions to petitioner's income taxes as follows: Additions to Tax
Year
Deficiency
Section 6653(b) [1]
Section 6654
1978
$17,415.26
$8,707.63
$556.51
1979
3,945.36
1,972.68
164.48
1980
3,999.58
1,999.79
255.10
1981
4,807.63
2,403.82
368.71
*113 In an amended answer, respondent sought to increase and to decrease the deficiencies and additions to tax to the following amounts: Additions to Tax
Year
Deficiency
Section 6653(b)
Section 6654
1978
$17,691.35
$8,845.68
$564.78
1979
11,843.95
5,921.98
496.47
1980
8,611.26
4,305.63
549.23
1981
3,826.63
1,913.31
227.46
The issues are: (1) whether petitioner received unreported taxable income as determined by respondent; (2) whether petitioner is liable in each year for additions to tax for fraud under section 6653(b), or in the alternative, is liable for each year for additions to tax under section 6651(a) for failing to file timely income tax returns, and additions to tax for negligence or intentional disregard of rules and regulations under section 6653(a) for 1978, 1979 and 1980 and section 6653(a)(1) and (2) for 1981; and (3) whether petitioner is liable for the addition to tax under section 6654. *114 FINDINGS OF FACT Respondent's proposed stipulation of facts was deemed stipulated pursuant to Rule 91(f) and the facts set forth therein are so found. The stipulation and attached exhibits are incorporated herein by reference. Petitioner resided in LaPorte, Texas, at the time his petition was filed in this case. He did not file income tax returns for 1978 through 1981. During these years and for several years prior thereto, petitioner was engaged in the contracting business as a sole proprietor. During the years in dispute petitioner deposited most of the receipts from the contracting business in two bank accounts. He opened one in January 1978 at the Bayshore National Bank in LaPorte in the name "C & M Foundation and Roofing Contractor." He opened the other in 1977 or 1978 at the First City Bank of LaPorte in the name "Universal Church of Adoration." Petitioner was the only signatory on each account and used the funds deposited in the accounts to pay expenses of the contracting business as well as his personal expenses. The Universal[2] Church of Adoration (the "Church of Adoration") was purportedly "organized" by petitioner in 1977 or 1978. At that time petitioner opened *115 the bank account in the name of the church and purportedly transferred to the church all of the other assets theretofore used by him in the contracting business. At the same time he also changed the name of the business from Charlie Martin Construction Company to C & M Foundation and Roofing Contractor and quitclaimed two parcels of real property to the church. In addition, in December 1977 petitioner transferred his truck to the Order of Plato, another church purportedly "established" by petitioner. With the exception of activity in the bank account and the recording of the quitclaim deeds petitioner took no action with respect to the Universal Church of Adoration. The transfer of the truck title was the only transaction involving the Order of Plato. In September 1980, petitioner executed under penalties of perjury and submitted to respondent a Form 433-AB, Statement of Financial Condition and Other Information, in connection with deficiencies assessed against petitioner for the years 1973 through 1975. On the Form 433-AB, petitioner represented that he was retired, had no income, and had *116 no bank accounts, vehicles, real property, or other assets. By using the records of Bayshore National Bank on the account in the name of C & M Foundation and Roofing Contractor and the records of First City Bank on the account in the name of Universal Church of Adoration as well as business records maintained by petitioner, respondent determined that petitioner had unreported taxable income of $45,922.99 for 1978, $34,555.21 for 1979, $26,468.22 for 1980, and $12,451.98 for 1981. [3]
OPINION Unreported Income
On brief petitioner conceded that the stipulated facts support the deficiencies claimed by respondent in the amended answer and we so hold. Additions to Tax for Fraud, or in the Alternative, for Failure to File and/or Negligence
Respondent contends that petitioner is liable for the addition to tax for fraud under section 6653(b) for each of the years 1978 through 1981. On this issue respondent has the burden of proving by clear and convincing *117 evidence that some part of an underpayment for each year was due to fraud. Section 7454(a); Rule 142(b). The burden is met if it is shown by such evidence that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of the taxes. , cert. denied ; , affg. a Memorandum Opinion of this Court; . The presence or absence of fraud is a question of fact to be determined from the entire record. , affd. without published opinion . Fraud is never presumed but must be established by affirmative evidence. . It may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available and his entire course of conduct may be examined in order to determine whether the fraudulent *118 intent is present. ; . Respondent contends that petitioner's intent to evade taxes is clearly and convincingly evidenced by the following acts: (1) petitioner's failure to file income tax returns for 1978 through 1981 after filing proper returns in prior years; (2) petitioner's attempts to conceal income through the use of nominee bank accounts; and (3) petitioner's attempts to conceal assets by the transfers to the Church of Adoration and the Order of Plato and by the false statements on the Form 433-AB. At trial petitioner attempted to justify his acts by claiming that an attorney named Overstreet persuaded him to set up the churches and to transfer his assets to them. In addition, petitioner was allegedly told by Overstreet that neither he nor the Church of Adoration would be taxed on the earnings from the construction business. Petitioner also claimed that he was not fully aware of what he was doing during the years in issue because his wife had recently been murdered and he was extremely depressed and upset by her death and the investigation *119 and trial which followed. However, petitioner's explanation is refuted by other evidence in the record. First, it is undisputed that petitioner continued to operate the business in the same manner as he did before the purported churches came into existence. Secondly, petitioner continued to treat the funds generated by the business and deposited in the accounts as if they were his own, using them to pay for such personal items as clothes and medical expenses. Thirdly, in spite of his wife's death petitioner was cognizant enough of what he was doing to keep a detailed record of the business. Finally, petitioner admitted that one of the reasons for transferring the assets to the churches was to make the assets judgment-proof which admission tends to establish that petitioner did not actually believe that the transfers to the churches would relieve him of his tax liability. We, therefore, agree with respondent that petitioner's acts constitute clear and convincing evidence of his fraudulent intent. [4]
*120 Additions to Tax for Estimated Tax Payments
The addition to tax under section 6654 is mandatory in the absence of one or more of the exceptions set forth in the section. , remanded on another issue ; . Since petitioner offered no evidence on this issue, respondent's determination is sustained. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
2. Not associated with Universal Life Church of Modesto or any of its affiliates.↩
3. To arrive at these figures respondent added together the taxable bank deposits and taxable receipts not deposited in a bank and then subtracted therefrom the business expenses and petitioner's personal exemption.↩
4. Consequently, we need not address the alternative issues of whether petitioner is liable for the additions to tax under sections 6653(a) and 6651(a)(1) and (2).↩